## THOMAS ARNOLD, Collector, *v.* WILLIAM D. DAVIS.

The "actual place of abode" of a tax-payer, within the provisions of section 10 of chapter 38 of the Revised Statutes, is the town where he has his home and his family, irrespective of all absences therefrom, on his part, for transient or business purposes.

*Held*, That section 10 of chapter 38 of the Revised Statutes does not apply exclusively to the case of a person having both a country and a city residence, as erroneously supposed to have been decided in *Greene* v. *Gardiner*, 6 R. I. 242.

THIS was an action on the case, brought by the collector of taxes of the town of Warwick against the defendant, described as of Cranston, for recovery of the amount ($637.52) of a tax assessed against him, in and by the town of Warwick, on the 8th day of December, 1865. The tax was ordered on the 7th of November, 1865, to be paid and collected by the 4th of April, 1856. The issue made was to the jury; but, by agreement, the case was submitted to the Court, upon both fact and law. The grounds of claim and of defence are sufficiently set forth in the opinion of the Court.

*Tillinghast, for the plaintiff.*

*W. H. Potter, for the defendant.*

BRADLEY, C. J. This suit is brought upon a provision of the tax law (Rev. Stats. ch. 38, § 10), that "Ratable personal property shall be taxed in the town where the owner shall have had his actual place of abode for the larger portion of the twelve months next preceding the first day of April in each year."

The tax is assessed at a later period in the year; but the plaintiff relies, in behalf of the town of Warwick, upon the ground that the defendant had his domicile, his residence and

his place of abode in that town until November preceding the first day of April,—that is, more than half of the twelve months next preceding the first day of April. The answer to that is two-fold. First. That the defendant, though he had his home and the place of residence of his family—his homestead—in the town of Warwick, until the month of November, yet, still, according to his testimony, he was in the habit of leaving, every morning at eight o'clock, to pass the day at his place of business, in Providence, and returning at half-past seven in the evening. He also had a factory in Uxbridge, in an adjoining State, where he frequently went and tarried several days.

We do not find any difficulty in concluding that such presence and occupation in Providence and Uxbridge do not give him an " actual place of abode " in Providence or in any place other than that where he had his home and his family, to which he returned after such absence and occupation.

Another ground taken is, that the provision of this statute, as stated in several cases, was intended to remedy a difficulty in the case of persons who had two places of abode during the year,—two homes, as it were, a country home and a city home,—that they were to be taxed in that place where they should dwell more than half of the year. Although it is said in that decision, *Greene* v. *Gardiner*, 6 R. I. 242, that such is the difficulty which the statute is designed to remedy, we do not suppose it is the only difficulty, of course, which it is designed to remedy. It is not necessary that he should have two places of residence during the whole year. But if a man should have one place of residence which he made his actual place of abode during seven months, and no other during that time, and then should take another for five months, the statute would apply just as much to that case as to the one stated in the case cited.

We therefore give judgment in this case in favor of the plaintiff, for the amount claimed.